DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-182-FDW

| | | |
|---|---|---|
| MICHAEL S. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| TERRY LEMON, | ) | |
| FNU WHITLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following motions by Plaintiff: (1) Motion

for Production of Exculpatory Evidence, (Doc. No. 33), (2) Motion to Compel Investigating

Officers, (Doc. No. 34), (3) Motion for Preservation of Evidence, (Doc. No. 35), and (4) Motion

for Preservation of Notes and Tapes and Incorporated Memorandum of Law, (Doc. No. 37).

First, as to Plaintiff's Motion for Production of Exculpatory Evidence and his Motion to

Compel Investigating Officers, in both of these motions, Plaintiff seeks an order from this Court

requiring disclosure of certain evidence relevant to Plaintiff's claims.  Pursuant to Local Rule

26.2 and the Court's scheduling order entered on October 14, 2015, all discovery requests in this

matter are to be served on the parties, and discovery requests are not to be filed with the Court.

Thus, Plaintiff shall serve his discovery requests on Defendants directly.

Next, as for Plaintiff's Motion for Preservation of Evidence, and his Motion for

Preservation of Notes and Tapes and Incorporated Memorandum of Law, the Court finds that an

order requiring Defendants not to destroy evidence is unnecessary because Defendants already

have a duty to preserve evidence.  Under the doctrine of spoliation, parties have a duty to

preserve (including a duty to not destroy) evidence when litigation is filed or becomes reasonably anticipated.  See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001); Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 509 (D. Md. 2009).  To fulfill the duty to preserve relevant evidence, "[o]nce a party reasonably anticipates litigation, it is obligated to suspend its routine document retention/destruction policy and implement a "litigation hold" to ensure the preservation of relevant documents." Id. at 511.  Here, if Defendants destroy any exculpatory evidence they will be subject to sanctions.  However, because they are already under a duty to preserve evidence, an order from this Court is not necessary.  Accord Wright v. Webber, C/A No. 1:11-2199-TLW-SVH, 2011 WL 6112371, at *3 (D.S.C. Nov. 10, 2011) ("Plaintiff has not shown that he will suffer irreparable damage if an injunction does not issue, as Defendants already have a legal duty to preserve existing evidence when a lawsuit is filed."); McNair v. Ozmint, C/A No. 3:07-3470-HFF-JRM, 2008 WL 2128121, at *4 (D.S.C. May 20, 2008) (denying a motion for a temporary restraining order to preserve cassette tapes because there already existed a duty to preserve material evidence).

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's (1) Motion for Production of Exculpatory Evidence, (Doc. No. 33), (2) Motion to Compel Investigating Officers, (Doc. No. 34), (3) Motion for Preservation of Evidence, (Doc. No. 35), and (4) Motion for Preservation of Notes and Tapes and Incorporated Memorandum of Law, (Doc. No. 37), are **DENIED**.

Frank D. Whitney
Chief United States District Judge