DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-182-FDW

| MICHAEL S. HARPER, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| TERRY LEMON, | ) |
| FNU WHITLEY, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on its own motion.

Pro se Plaintiff Michael Harper, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution, filed this action on April 14, 2014, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names the following persons as Defendants, alleged to be employees at Lanesboro at all relevant times: (1) Terry Lemon; (2) and FNU Whitley. On July 31, 2014, this Court conducted an initial review, concluding that Plaintiff satisfied initial review. Since the initial review, a summons has been returned as unexecuted as to Defendant Whitley, noting, "unknown first name and currently no officers employed at Lanesboro CI with the last name 'Whitley.'" See (Doc. No. 14 at 1). Defendant Lemon's own summary judgment motion is pending. (Doc. No. 39).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's

1

failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

This Court hereby instructs the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Whitley. The U.S. Marshal shall redact any home address located for Whitley so that it is not disclosed in the returned summons. The Court instructs the U.S. Marshal that, although Plaintiff does not provide the first name of Defendant FNU Whitley, the Court is satisfied that the Defendant's full name is Casey Whitley, a former NCDPS employee and correctional officer, as this name is given in a report of the alleged incident giving rise to Plaintiff's claims here.[1]

---

[1] Casey Whitley is further identified in the incident report as "WCN50," presumably his identification within the prison system. In communications with this Court, Plaintiff contends that the prison has not responded to his requests to identify officer Whitley. Rather than compelling the prison to engage in discovery with Plaintiff over Whitley's identification, the Court is relying on the U.S. Marshal to locate this individual and serve him with summons.

**IT IS SO ORDERED**.

The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge