DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-182-GCM

| MICHAEL S. HARPER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| TERRY LEMON,<br>FNU WHITLEY, | ) |  |
| Defendants. | ) |  |

This matter is before the Court on Plaintiff's Motion to Reopen Discovery, (Doc. No. 57). In this civil rights prisoner action originally brought pursuant to 42 U.S.C. § 1983, this Court denied Defendants' summary judgment motion on October 28, 2016, as to Plaintiff's claim for excessive force. (Doc. No. 50). In the Court's order dated October 28, 2016, based on Plaintiff's prior requests for appointment of counsel, the Court stated that it would inquire into appointment of counsel to represent Plaintiff at trial. Attorney John Fagg of the law firm of Moore and Van Allen has since then agreed to provide pro bono representation to Plaintiff in this action. (Doc. No. 51).

Plaintiff has now, through counsel, filed the pending motion to reopen discovery. (Doc. No. 57). Defendants oppose the reopening of discovery. (Doc. No. 59). This Court finds that, for good cause shown, Plaintiff is entitled to the reopening of discovery in order to obtain discovery to prepare for trial in this matter scheduled for January 8, 2018. However, the Court will deny the motion for discovery in part, as stated below.

Plaintiff's Motion for Discovery, (Doc. No. 57), is granted in part and denied in part, and the discovery period shall be reopened for an additional 120 days. That is, Plaintiff shall be

1

entitled to no more than 10 depositions, no more than 20 interrogatories, including subparts, and no more than 20 requests for admission. Furthermore, Plaintiff is <u>not</u> entitled to designation and depositions of expert witnesses regarding the issue of use of force. Plaintiff <u>is</u> entitled to obtain discovery of Plaintiff's medical records relevant to the alleged injuries following the incident, video footage of the alleged excessive force incident (to the extent that it exists), and photographs of Plaintiff following the incident. Plaintiff <u>is</u> entitled to propound requests for production of documents and tangible things as set forth in his motion. The Court notes, however, that, in response to Plaintiff's discovery requests, Defendants may, of course, raise the customary objections to discovery proposed by Plaintiff (i.e., that the proposed discovery is overbroad, not relevant, privileged, protected by personnel confidentiality laws, etc.).

In sum, Plaintiff's Motion to Reopen Discovery, (Doc. No. 57), is **GRANTED** in part and **DENIED** in part, as stated in this Order.

Signed: August 11, 2017

Graham C. Mullen
United States District Judge